**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2148
_____

JUNIOR SANTIAGO AMAYA RIVAS,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(Agency No. A216-408-006)
Immigration Judge:  Nelson A. Vargas-Padilla
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 22, 2019
_____

Before:  CHAGARES, MATEY, and FUENTES, <u>Circuit</u> <u>Judges</u>.

(Opinion filed: November 26, 2019)
_____

OPINION[*]
_____

---

[*]  This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

Junior S. Amaya Rivas petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") decision to deny his applications for withholding of removal and protection under the Convention Against Torture ("CAT"). For the following reasons, we will deny the petition for review.

I.

We write only for the parties, so our summary of the facts is brief. Amaya Rivas, a citizen and native of El Salvador, entered the United States in 2007. In 2018, he was placed into removal proceedings. Amaya Rivas conceded that he was removable and that he was ineligible for asylum, but he applied for withholding of removal and CAT protection.

In support of his applications, Amaya Rivas testified that in 2003 or 2004, a man named Jose Bonilla kidnapped and assaulted his mother in El Salvador when she was picking up money that her husband had sent from the United States. Bonilla called Amaya Rivas's family during the kidnapping and threatened to kill them. Over the next two years, Amaya Rivas's family continued to receive threatening phone calls. Then, in 2006, Amaya Rivas experienced "something like an explosion" in his home in El Salvador, and he was burned. Petitioner's Appendix ("App.") 20. Amaya Rivas was later told Bonilla had sent someone to burn him.

The IJ orally denied Amaya Rivas's applications, deciding that even if Amaya Rivas's evidence were credible, he had not demonstrated his eligibility for withholding of removal or CAT protection. Regarding withholding of removal, the IJ acknowledged

2

Amaya Rivas's argument that he feared Bonilla would harm him because of a statutorily protected ground. Specifically, Amaya Rivas claimed that Bonilla targeted him because of his membership in a "particular social group," comprised of those with "kinship ties" to his mother, or alternatively, those with disabilities. App. 7. Nonetheless, the IJ concluded that "[t]he one central reason" Bonilla targeted Amaya Rivas was his family's perceived wealth, App. 7, and a group based on wealth is not a "cognizable social group" for withholding of removal, App. 8. The IJ then denied CAT protection because Amaya Rivas had not shown that if he were removed to El Salvador, he would be tortured at the instigation of, or with the consent or acquiescence of, a public official or other person acting in an official capacity.

The BIA agreed with the IJ's reasoning and affirmed the IJ's decision on April 25, 2019. Amaya Rivas timely filed a petition for review.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review the BIA's order. The BIA had jurisdiction to review the IJ's decision under 8 C.F.R. § 1003.1(b)(3). We generally only consider the reasoning offered by the BIA, but because the BIA adopted the IJ's findings and discussed the bases for the IJ's decision, we can review both the BIA's and the IJ's decisions. Saravia v. Att'y Gen., 905 F.3d 729, 734 (3d Cir. 2018).

We must uphold factual determinations as to withholding of removal and CAT protection if they are supported by substantial evidence from the record considered as a whole. Tarrawally v. Ashcroft, 338 F.3d 180, 184 (3d Cir. 2003). This means "we will reverse based on a factual error only if any reasonable fact-finder would be 'compelled to

3

conclude otherwise.'" Huang v. Att'y Gen., 620 F.3d 372, 379 (3d Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(B)). We review de novo any legal conclusions, but we defer to the BIA's "interpretation of statutes and regulations within its enforcement jurisdiction." Id.

III.

Amaya Rivas argues that substantial evidence does not support the denial of either withholding of removal or CAT protection. We consider each argument in turn.

A.

To establish his eligibility for withholding of removal based on his membership in a "particular social group," Amaya Rivas had to show "that the group itself is properly cognizable as a social group" within the meaning of 8 U.S.C. § 1231(b)(3)(A), and that "his membership in the group is one central reason why he was or will be targeted for persecution." Gonzalez-Posadas v. Att'y Gen., 781 F.3d 677, 684–85 (3d Cir. 2015) (quotation marks omitted). Amaya Rivas contends that Bonilla targeted him because of his membership in a particular social group, comprised of those with kinship ties to his mother. Thus, Amaya Rivas argues, substantial evidence does not support the contrary finding that he was targeted on account of his family's perceived wealth.

We disagree. Amaya Rivas testified that Bonilla kidnapped his mother "because of [the] money" sent to her, App. 22, and that Bonilla continued to threaten his family because his mother "had the money" and "that's what he wanted," App. 26. Even after being asked whether Bonilla had any other reason to target Amaya Rivas or his family, Amaya Rivas testified that "the only reason" he could think of was that "they think that [we] have money." App. 46. On this record, substantial evidence supports the

4

determination that Amaya Rivas's perceived wealth was the one central reason Bonilla targeted him. See Shehu v. Att'y Gen., 482 F.3d 652, 657 (3d Cir. 2007) (concluding substantial evidence supported IJ's finding that persecution was "motivated by a bare desire for money" and not by "hostility to [petitioner's] family").[1] Thus, we will deny the petition as it relates to withholding of removal.

B.

We next consider Amaya Rivas's argument that substantial evidence does not support the denial of CAT protection. For CAT protection, Amaya Rivas had to demonstrate that if he were removed to El Salvador, it is more likely than not that he would be tortured by or at the instigation of, or with the consent or acquiescence of, a public official. See 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). The record here does not compel the conclusion that Amaya Rivas made that showing. To the contrary, as the IJ observed, the country conditions evidence submitted indicates that El Salvador's government is actively opposing criminal activity. See, e.g., App. 83. Accordingly, we will deny the petition as it relates to CAT protection.

IV.

For the foregoing reasons, we will deny Amaya Rivas's petition for review.

---

[1] Amaya Rivas does not contest the BIA's conclusion that a family perceived to be wealthy does not qualify as a "particular social group" under 8 U.S.C. § 1231(b)(3)(A). In any event, we agree with the BIA. See Orellana-Arias v. Sessions, 865 F.3d 476, 486 (7th Cir. 2017) ("[W]ealth alone is not cognizable as a social group.").